UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADAM TAYLOR WARD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   Cause No. 1:25-cv-00093-ALT |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|    Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Adam Taylor Ward appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying his application under the Social Security Act (the "Act") for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). (ECF 1; ECF 10 at 1). Ward filed his opening brief on June 9, 2025, and the Commissioner filed a response in opposition on July 28, 2025. (ECF 10, 15). Ward did not file a reply brief, and his time to do so has now passed. (*See* ECF 4). Therefore, the case is ripe for ruling.

For the following reasons, the Commissioner's decision will be AFFIRMED.

**I. FACTUAL AND PROCEDURAL HISTORY**

Ward applied for DIB and SSI in October 2022, alleging disability beginning September 1, 2019. (ECF 8 Administrative Record ("AR") 14, 209-17).[1] His claim was initially denied on February 17, 2023, and denied on reconsideration on August 16, 2023. (AR 14, 81, 87, 105, 115).

---

[1] The AR page numbers cited herein correspond to the ECF-generated page numbers displayed at the top center of the screen when the AR is open in ECF, rather than the page numbers printed in the lower right corner of each page.

On January 9, 2024, he appeared for a phone hearing before Administrative Law Judge (ALJ) Alice Blackmore. (AR 14, 51-80). Ward was represented by counsel, and vocational expert (VE) Robert Barkhaus also appeared. (AR 14, 51). The ALJ issued an unfavorable decision on February 22, 2024, concluding that Ward was not disabled because he was capable of performing a significant number of light-exertional jobs in the national economy. (AR 14-26). Ward filed a request for review by the Appeals Council, which denied the request on January 15, 2025 (AR 5-7), and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

Ward filed a complaint in this district court requesting review of the Commissioner's final decision on February 28, 2025. (ECF 1). In this appeal, Ward argues the ALJ committed harmful error by improperly evaluating the examining opinion of Leslie Predina, Ph.D., H.S.P.P., and failing to support the residual functional capacity (RFC) by substantial evidence. (ECF 10 at 1).

On the date of the Commissioner's final decision, Ward was thirty-eight years old (*see* AR 81) and had a high school education and past work as a quality technician and a stocker. (AR 76, 245-46). Ward alleges disability due to cervicalgia, chronic pain syndrome, intervertebral disc disorders with radiculopathy lumbar, lumbago with sciatica, spondylosis with radiculopathy (cervical region), radiculopathy (cervical region and lumbar region), spinal stenosis (cervical region), low back pain, bulging disc in neck, and arthritis in neck and back. (AR 244).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted). The decision will be reversed "only if [it is] not supported by substantial evidence or if the Commissioner applied an erroneous legal standard." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court "review[s] the entire administrative record, but do[es] not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Id.* (collecting cases). "Rather, if the findings of the Commissioner . . . are supported by substantial evidence, they are conclusive." *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III. ANALYSIS

*A. The Law*

Under the Act, a claimant seeking DIB or SSI must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also id.* §§ 416(i)(1), 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring the ALJ to consider sequentially whether:

> (1) the claimant is presently employed [in substantial gainful activity]; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's [RFC] leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.

*Pufahl v. Bisignano*, 142 F.4th 446, 452-53 (7th Cir. 2025) (citation omitted); *see also Sevec v. Kijakazi*, 59 F.4th 293, 298 (7th Cir. 2023); 20 C.F.R. §§ 404.1520, 416.920. "Between the third and fourth steps, the ALJ determines the claimant's [RFC], which is the claimant's maximum work capability." *Pufahl*, 142 F.4th at 453 (citations omitted); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545(a), 416.920(e), 416.945(a). "The burden of proof is on the claimant for the first four steps." *Fetting v. Kijakazi*, 62 F.4th 332, 336 (7th Cir. 2023) (citation omitted). "At step five, the burden shifts to the [Commissioner] to show that there are significant numbers of jobs in the national economy for someone with the claimant's abilities and limitations." *Id.* (citation and internal quotation marks omitted). "If at any step a finding of disability or nondisability can be made, the Social Security Administration will not review the claim further." *Sevec*, 59 F.4th at 298 (citation and brackets omitted).

### B. The Commissioner's Final Decision

As a threshold matter, the ALJ found that Ward met the insured status requirements for DIB through September 30, 2021. (AR 16).[2] At step one, the ALJ found Ward had not engaged in substantial gainful activity since September 1, 2019, the alleged onset date. (*Id.*). At step two, the

---

[2] Therefore, for purposes of his DIB claim, Ward must establish that he was disabled as of September 30, 2021. *See Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir. 1997) (explaining that a claimant must establish that she was disabled as of her date last insured in order to recover DIB).

ALJ found that Ward had the following severe impairments: chronic pain syndrome, degenerative disc disease of the lumbar spine, cervical radiculitis, chronic obstructive pulmonary disease, obesity, attention deficits hyperactive disorder, and polysubstance abuse. (*Id*.). At step three, the ALJ found Ward does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 17).

The ALJ assigned Ward the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can carry out simple instructions.

(AR 19).

At step four, the ALJ found Ward is "unable to perform any past relevant work." (AR 24). However, at step five the ALJ found that a hypothetical individual of Ward's age, education, experience, and RFC could perform a significant number of unskilled, light-exertional jobs in the national economy, including marker, cleaner, and sales attendant. (AR 25-26). Thus, Ward's applications for DIB and SSI were denied. (AR 26).

### C. Dr. Predina's Medical Opinion

In his sole argument on appeal, Ward contends that the ALJ cherry picked and mischaracterized Dr. Predina's findings. (ECF 10 at 8). Furthermore, Ward argues, although the ALJ was fully persuaded by Dr. Predina's opinion, she failed to incorporate her findings into the decision and/or RFC or, in the alternative, explain why Dr. Predina's limitations were not incorporated. (*Id*.).

"An ALJ need not address every piece of evidence or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). Rather, an ALJ is "subject to only the most minimal of articulation requirements." *Id.* All that is required is that the ALJ "provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Id.* (citations and internal quotation marks omitted). In shorthand terms, an ALJ "needs to provide a logical bridge from the evidence to [her] conclusion." *Id.* (citation and internal quotation marks omitted). Having said that, "[t]he ALJ must evaluate the record fairly. Thus, although the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (citations omitted); *see also John B. v. Saul*, No. 2:18-cv-00223-JVB-JEM, 2019 WL 4233744, at *2 (N.D. Ind. Sept. 5, 2019).

On February 1, 2023, Dr. Predina conducted a mental status examination and provided a medical source statement. (AR 458-61). In this statement, Dr. Predina says of Ward, "[h]is behavior suggested moderate difficulties with inattention." (AR 461). Dr. Predina then provides a more detailed analysis of the mental status exam. In this analysis, Dr. Predina notes that Ward's orientation is "slightly impaired," he has "minor problems with his memory," his cognitive ability is "in the Low Average to Average range," and he "will likely struggle to get along with his supervisors and coworkers due to his mental health issues," among other statements. (AR 461). Although these observations offer insight into Ward's mental health, Dr. Predina specifically calls out Ward's "moderate difficulties with inattention." For no other ailment does

Dr. Predina go so far as to assess the difficulty as moderate or go beyond a vague description that a minor challenge exists. Additionally, these vague descriptions do not indicate any work-related limitations in those areas of functioning. Dr. Predina concludes by saying, "[h]e appears to have the cognitive ability to perform comparable jobs to that which he has performed in the past," reenforcing the minor, non-work-related nature of these mental challenges. (AR 461).

In support of the RFC, the ALJ explains how she finds Dr. Predina's assessment persuasive.

> Dr. Predina, psychological consultative examiner opined that the claimant would have problems sustaining concentration and persistence and would likely have a few problems recalling tasks on the job (4F). The claimant's behavior suggested that he would have moderate difficulties with inattention (4F/P5). The undersigned finds this opinion persuasive, as it is consistent with the medical evidence as a whole, which notes un[re]markable mini mental status exams and is also supportive of Dr. Predina's findings on examination, indicating deficits in concentration. Further, this opinion is supportive of the claimant subjective reports of difficulty concentrating (Hearing Testimony). Dr. Predina is a specialist in her field and had the opportunity to examine the claimant. Accordingly, her opinion is persuasive.

(AR 24). Reading this analysis of Dr. Predina's opinion, it is true that the ALJ focuses on Ward's concentration, persistence, and pace and does not delve into the other comments in the mental status examination. However, as explained above, Dr. Predina made a finding of "moderate difficulties with inattention," which she did not do for any other mental challenge. (AR 461). This is not cherry picking as Ward alleges, but an incorporation of the finding of Dr. Predina's assessment which does have work-related limitations. Accordingly, the ALJ did not err in failing into incorporate Dr. Predina's into the final decision.

Although Ward argues the ALJ failed to incorporate Dr. Predina's and the ALJ's own findings into the RFC, Ward fails to identify what additional limitations were supported by Dr. Predina's opinion and omitted. (ECF 10 at 6-10); *see Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004) ("It is axiomatic that the claimant bears the burden of supplying adequate records and

evidence to prove their claim of disability." (citations omitted)); *see Jozefyk v. Berryhill*, 923 F.3d 492, 497-98 (7th Cir. 2019) ("[I]t is unclear what kinds of work restrictions might address [claimant's] limitations . . . because he hypothesizes none" and "the medical record does not support any."). Thus, the ALJ's characterization and incorporation of Dr. Predina's opinion into the RFC is supported by substantial evidence.

Further, the ALJ assessment of Ward's mental capacity is consistent with the opinions of state agency psychologists and thus supported by substantial evidence. Ann Lovko, Ph.D., and Donna Unversaw, Ph.D., found Ward to be moderately limited in his ability to concentrate, persist, or maintain pace, and mildly limited in his ability to understand, remember, or apply information, interact with others, and adapt or manage himself. (AR 90, 99, 109). This is mirrored in the ALJ's decision (AR 18-19) and Dr. Predina's assessment by specifying Ward's "moderate difficulties with inattention" as previously described (AR 461).

Significantly, Dr. Lovko and Dr. Unversaw both translated Ward's moderate difficulties in maintaining concentration, persistence, or pace into the following mental RFC: "To the extent his/her physical condition permits, the evidence suggests that claimant can understand, remember, and carry out detailed, but not complex tasks. The claimant can attend to tasks for a sufficient period to complete tasks. The claimant can manage the stresses involved with detailed work-related tasks." (AR 93, 112). "[A]n ALJ may reasonably rely upon the opinion of a medical expert who translates [difficulties in maintaining concentration, persistence, or pace] findings into an RFC determination." *Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir. 2019) (citation omitted)); *see also Murphy v. Astrue*, 454 F. App'x 514, 518 (7th Cir. 2012) (affirming the ALJ's RFC assessment where the ALJ adopted a doctor's translation of the claimant's moderate difficulties in concentration, persistence, or pace into an RFC for simple, unskilled work);

*Milliken v. Astrue*, 397 F. App'x 218, 221-22 (7th Cir. 2010) (affirming the ALJ's RFC of "unskilled work" where a physician translated his findings concerning claimant's deficits in concentration, persistence, or pace into a restriction of unskilled work).

The ALJ was not required to follow "a particular formula or incant magic words" in her analysis. *Garland v. Dai*, 593 U.S. 357, 369 (2021) (citations and internal quotes omitted). "[A] reviewing court must uphold even a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Id*. at 358 (citation and quotation marks omitted). Indeed, ALJs "are subject to only the most minimal of articulation requirements." *Warnell,* 97 F.4th at 1053*; see also Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024) (the minimal articulation requirement is "an obligation that extends no further than grounding a decision in substantial evidence" (internal citations omitted)). In this case, although Ward may not be satisfied with the extent of the ALJ's analysis, her path is easily discerned and supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED. The Clerk is DIRECTED to enter a judgment in favor of the Commissioner and against Ward.

SO ORDERED.

Entered this 11th day of December 2025.

/s/ Andrew L. Teel  
Andrew L. Teel  
United States Magistrate Judge